The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner George Glenn, II. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except with the modification of Award #4.
******************
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. That the parties are subject to and bound by the provisions of the North Carolina Worker's Compensation Act.
2. The employer-employee relationship existed between the defendant employer and the plaintiff employee at all relevant times herein.
3. Aetna Life Casualty was the workers' compensation carrier on risk at all relevant times herein.
4. That the decedent's average weekly wage at the time of the alleged injury was $422.03, yielding a compensation rate of $281.37.
********************
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. On or about August 25, 1993, the decedent and defendants entered into a Form 21 Agreement wherein they agreed that decedent sustained a compensable injury on July 19, 1993. Further that decedent's average weekly wages at said time was $422.03 and that decedent sustained injury to both of his ankles. The defendants agreed that decedent was temporarily totally disabled and they agreed to pay him compensation beginning on July 20, 1993 and continuing for the necessary weeks. This agreement was approved by the Industrial Commission on or about September 23, 1993.
2. The decedent had sustained his injuries when he had fallen approximately 25 feet onto a cement slab. The decedent sustained a significant displaced fracture of the heel bone of his right foot and a significantly shattered and displaced fracture of the left leg bones right above the ankle.
3. Decedent's injuries were treated by Dr. Charles J. Niemeyer. On the date of the injuries, Dr. Niemeyer performed surgery on the right heel by open reduction and fitting of bone fragments together and internally fixing with a plate and screws and pins. The left lower tibia and ankle fracture were treated with application of an external fixator to help hold the bones in the right position and using some pins to fix other parts of the fracture together with an open operation.
4. When the decedent was discharged from the hospital he was controlling his pain by administering medication through a PCA pump.
5. Throughout his treatment of decedent, Dr. Niemeyer noted that decedent was over medicating, but he continued to prescribe medication due to the amount of pain he felt the decedent was suffering. Decedent would constantly call into Dr. Niemeyer's office seeking additional pain medication indicating that he had taken all his medication and he was in pain and needed additional medication to assist him in managing his pain.
6. The decedent was not able to take care of himself until the first of 1994. This included not being able to prepare meals, clean, get in and out of the bathroom, and he was in need of assistance to allow him to carry out his other day to day needs.
7. Dr. Niemeyer noted on decedent's July 25, 1994 visit, "this man looks quite pained and in distress. He says that the left ankle pain is continuing unabated and he has to have something for pain now."
8. On September 6, 1994, Dr. Niemeyer performed fusion surgery on decedent's left ankle.
9. Baxter E. Dietz died on November 17, 1994. An autopsy indicated he had benzodiazepines, opiates, marijuana and propoxyphene in his system at the time of his death. The coroner concluded that Baxter E. Dietz's death was caused by propoxyphene toxicity.
10. Dr. Niemeyer had seen and treated decedent on November 15, 1994, at which time there was no indication that decedent was suicidal. Dr. Niemeyer indicated when asked that he was not surprised that the decedent had died from an overdose of propoxyphene, but in his opinion it was unintentional. This was the medication that Dr. Niemeyer had prescribed for decedent's pain.
11. Dr. Niemeyer indicated that decedent was not able to work from July 20, 1993 through the date of his death, November 17, 1994.
12. Jamie Lynn (Dietz) Smith was born on November 22, 1978, to Cristy Lee Smith and the decedent. The decedent had acknowledged that Jamie Lynn (Dietz) Smith was his child and he had taken on the responsibility of supporting her when she was an infant and thereafter he held out her as being his child.
13. Decedent's funeral bill was $5,680.75.
********************
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. The decedent died as a result of an inadvertent overdose of pain medication prescribed by his treating doctor, and his death was a natural progression and direct result of decedent's initial injuries of July 19, 1993.
2. That Jamie Lynn (Dietz) Smith is the minor child of the decedent and was dependent upon him for support at the time of his death.
3. The decedent was totally disabled from July 20, 1993 through November 17, 1994, and was entitled to compensation for this period of time.
********************
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Subject to attorney's fees hereinafter awarded, defendant shall pay to the Clerk of Superior Court, or the General Guardian duly appointed by the appropriate Clerk of Superior Court, on behalf of Jamie Lynn (Dietz) Smith, a minor child, compensation at the rate of $281.37 per week for 400 weeks beginning November 17, 1994. Such compensation as has accrued shall be paid in one lump sum, without commutation.
2. Defendant shall pay for all medical expenses decedent incurred as a result of his compensable injury when bills for same have been submitted to and approved by the Industrial Commission, for evaluations, treatments and examinations required to effect a cure, give relief and/or lessen decedent's period of disability.
3. The defendants shall pay to the estate of the decedent the sum of $2,000.00 as the burial fee. Defendants shall also pay to the said estate any compensation that remains outstanding for the period of temporary total disability which ran from July 20, 1993 through November 17, 1994.
4. An attorney's fee of 25% is hereby awarded to plaintiff's counsel as attorney's fees. Payment shall be made by deducting this amount from the sum due the said minor child and paid directly to her counsel.
5. Defendants shall pay the costs of this action.
 S/ ___________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ___________________ WILLIAM HAIGH DEPUTY COMMISSIONER
S/ ___________________ BERNADINE S. BALLANCE COMMISSIONER
TJB/cnp/db